THE WOLVERTON.*

*(Circuit Court, E. D. Pennsylvania. June 27, 1882.)*

ADMIRALTY—COLLISION—BURDEN OF PROOF ON LIBELANT.

The libelant must show that the vessels were approaching in the way he describes.

Libel by the master of Cross Creek Barge No. 5 against the tug Dr. John Wolverton, to recover damages for a collision. The testimony disclosed the following facts:

The Wolverton, having the barge Atlanta in tow astern by a hawser, started from Robert's stores, Brooklyn, bound for a dock in the North river. When near the Battery she met the tug Packer, with libelant's barge lashed to her port side, coming up the East river, after rounding the Battery. The Packer blew two whistles, indicating that she wished to go inside, or on the New York side of the Wolverton. To this the Wolverton made no reply, and immediately thereafter the libelant's barge struck the Atlanta, damaging

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

both vessels. Libelants claimed that the Wolverton was steering diagonally across the East river, so as to just clear the Battery in rounding it; and that she caused the collision by improperly attempting to cross the bows of the Packer, which was coming up the East river close to the shore. Respondents claimed that the Wolverton was proceeding down the East river close to the shore, being on the port side of the Packer, or nearer to the New York shore; that the Packer blew two whistles, to which the Wolverton did not reply, because the Packer immediately put her wheel to starboard and attempted to go across the Wolverton's bows, and that this latter movement caused the collision.

*E. D. McCarthy* and *Morton P. Henry*, for libelant.

*Alfred Driver, J. Warren Coulston*, and *H. R. Edmunds*, for respondents.

BUTLER, D. J. The burden of proof is on libelant. He must show that the vessels were approaching in the manner he describes, or submit to an adverse decree. If they were not thus approaching —if the respondent was not distinctly to starboard—the Packer could not expect her to pass on that side, and she was blameless in going where she did. Under such circumstances the Packer's signal was unimportant, and required no answer. Looking at the evidence on both sides it seems impossible to say that the vessels were approaching as the libelant asserts. It is quite as probable the respondent was directly ahead, or a little to port. I incline to think the weight of the evidence justifies a belief that she was, and that the collision resulted from the Packer's desire to run further in, on account of the tide, and improperly undertaking to do so. It is sufficient, however, that the libelant's position is not proved. As this view disposes of the case it would be unprofitable to discuss it further.